IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

CIVIL ACTION NO. 2:20-cv-151 (WOB-EBA)

TERRIE KIRK                                                                                    PLAINTIFF

VS.                          MEMORANDUM OPINION AND ORDER

WAL MART, INC.                                                                                 DEFENDANT

This is a lawsuit filed by Terrie Kirk ("Plaintiff") against Wal Mart, Inc. ("Defendant") for injuries she suffered after she slipped and fell at a local store. (Doc. 1-2). Currently before the Court is Defendant Wal Mart's Motion for Summary Judgment. (Doc. 30). Defendant argues that Plaintiff cannot meet her burden of proof that Wal Mart breached the duty of care owed to her, and it is therefore entitled to summary judgment.

The Court held oral argument on this Motion on January 20, 2022. (Doc. 44). Having heard the parties and the Court being advised, the Court now issues the following Memorandum Opinion and Order.

*FACTUAL AND PROCEDURAL BACKGROUND*

Plaintiff entered Defendant's store in Alexandria, Kentucky on September 28, 2019. (Doc. 1-2 at ¶¶ 2-5). She went to the toy department and picked out a doll for her grandchildren. (Doc. 37, Kirk Dep. at 37:18-25). On her way to the register, near the front of the store, Plaintiff slipped and fell. (*Id.* at 38:1-3). Plaintiff's fall was not clearly captured by any surveillance

1

cameras, nor were there any witnesses. (Doc. 46, Videotape: Wal Mart Surveillance Footage (on file with Court); Doc. 36, Harper Dep. at 15:5-7).[1] A male patron summoned help from Wal Mart associates. An employee helped her to a bench and testified that Plaintiff was severely disoriented—she did not know her name or address. (Doc. 35, Sexton Dep. at 8:17-20; 14:14). Someone dialed 911. (*Id.* at 19:7-8). First responders evaluated Plaintiff and recommended she go to the hospital for further evaluation, but she refused. (Doc. 36, Harper Dep. at 38:14-20). Plaintiff eventually left the store and drove herself home. (Doc. 37-1, Kirk Dep. at 51:1-8).

Plaintiff alleges that she slipped on "something." (Doc. 37 at 44:8; 48:2-3). She does not know what she slipped on but noted that the floor was "slick." (*Id.* at 43:12). Plaintiff did not report any foreign substances on her shoes or clothing. (*Id.* at 44:19-24). Other employees inspected the area and found nothing out of the ordinary. (Doc. 35, Sexton Dep. 13:21-14:2). No other customers appeared to have issues walking on the floor that day. Employee April Harper filled out an incident form that described the incident as a "claim involving a customer/member

---

[1] At the time Defendant filed its Motion for Summary Judgment, the surveillance footage was not in the record. The Court ordered Plaintiff to file the surveillance footage after oral argument. (Doc. 44).

that alleges [a] slip, fall, or trip" caused by the "floor surface." (Doc. 36-1 at 20).

Three days after the incident, Plaintiff went to see her primary care physician, Dr. Chan, for her annual check-up. During that appointment, Plaintiff told her doctor that she had an "episode" and "passed out." (Doc. 32-2 at 3). Dr. Chan noted that Plaintiff reported pain in her right hip, neck, and upper abdomen. (*Id.*). Plaintiff had x-rays of her neck, which showed some degenerative arthritis, and her shoulder and hip, which showed no obvious fractures. (Doc. 32-3 at 2). She also had a CT scan of her head and abdomen, which came back normal. (*Id.*). Plaintiff has a history of diabetes, seizures, and anxiety that were reportedly well-managed prior to this incident. (Doc. 32-2 at 3).

It wasn't until November 19, 2019—nearly a month and a half after the incident—that Plaintiff finally sought an x-ray of her knee, which revealed a fracture. (Doc. 32-3 at 2). On November 26, 2019, she saw Dr. Hoblitzell, an orthopedic specialist, who categorized the incident at Wal Mart as a "syncopal episode" and recommended physical therapy. (*Id.*). Then in January 2020, she reported to her physical therapist that she fell "*after* blacking out." (Doc. 32-4 at 2) (emphasis added).

Plaintiff filed this negligence action in Campbell County, and Defendant properly removed to federal court under diversity jurisdiction. (Doc. 1-2). At the completion of discovery,

3

Defendant filed its Motion for Summary Judgment on October 6, 2021, (Doc. 30), arguing that Plaintiff cannot meet her burden of proving that Wal Mart breached the duty of care it owed to her.

### ***ANALYSIS***

Summary judgment is appropriate when a party fails to make an evidentiary showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). While the movant has the initial burden of showing the absence of a genuine issue of material fact for trial, the party opposing the summary judgment motion must "do more than simply show that there is some 'metaphysical doubt as to the material facts.'" *Highland Capital, Inc. v. Franklin Nat'l Bank*, 350 F.3d 558, 564 (6th Cir. 2003) (quoting *Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 800 (6th Cir. 1994)). The court must decide whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

To prevail on a claim for negligence, a plaintiff must establish that (1) the defendant owed her a duty of care, (2) the

defendant breached that duty, and (3) the breach was the cause of the injury. *Pathways v. Hammons*, 113 S.W.3d 85, 88 (Ky. 2003). A property owner must exercise reasonable care to protect invitees from hazardous conditions that the property owner knew about or should have discovered. *Lainer v. Wal-Mart Stores, Inc.*, 99 S.W.3d 431, 433 (Ky. 2003). It is undisputed that Wal Mart owed Plaintiff a duty of care.

Kentucky has adopted a burden-shifting framework for proving a breach of duty in slip and fall cases. First, the plaintiff must prove the existence of a foreign substance on the floor and that this substance was a substantial factor in causing the injury. *Lainer*, 99 S.W.3d at 435. Then, the burden shifts to the store to prove it exercised reasonable care to protect patrons from hazardous conditions. *Id.* Kentucky is also a comparative negligence state, meaning that an open and obvious danger would not excuse the landowner's duty entirely. *Kentucky River Med. Ctr. v. McIntosh*, 319 S.W.3d 385, 389 (Ky. 2010).

Defendant argues that Plaintiff can proffer no evidence that there was a foreign substance on the floor. A case from the Sixth Circuit, *Padgett v. Wal-Mart Stores East, LP*, is instructive. 731 F. App'x 397 (6th Cir. 2018). In that case, a man fell while in a Wal Mart restroom, and he alleged he slipped on a foreign substance on the floor. *Id.* at 398. But no one, including the plaintiff, observed any spots on the floor. *Id.* The man first

5

observed a wet spot on his pants when he was being carried out of the store on a stretcher. *Id.* The court held that because the spot could have come from many other sources in between the fall and when it was noticed by the plaintiff, it was unreasonable to infer that the spot came from the floor and that the spot was a substantial factor in causing the man's fall. *Id.* at 400. Accordingly, the plaintiff could not show that the store breached its duty, and summary judgment in favor of the store was appropriate. *Id.*; *see also Smith v. Steak N Shake*, No. 3:14-cv-642, 2016 WL 4180002, at *3 (W.D. Ky. Aug. 5, 2016) (granting summary judgment for the store when the plaintiff merely speculated she slipped on a "greasy or sticky" spot but could offer no evidence).

More objective evidence is needed to create a factual dispute in slip and fall cases. For example, a judge allowed a claim that a floor was too slick to survive summary judgment when there was evidence other patrons had trouble walking on it. *Denney v. Steak N Shake Operations*, 559 F. App'x 485, 487 (6th Cir. 2014). Similarly, a court denied a store's motion for summary judgment when the plaintiff corroborated what she saw and felt with physical evidence of residue on her shoes. *Vaughn v. Target Corp.*, No. 3:13-cv-521-H, 2014 WL 4999194 at *3 (W.D. Ky. Oct. 7, 2014).

But where a plaintiff offers only her own testimony that she slipped and has an unsupported hypothesis as to why, summary

6

judgment in favor of the store is appropriate. *See McCord v. T.J. Maxx Comp., Inc.*, No. 17-cv-29, 2017 WL 3298679, at *4 (E.D. Ky Aug. 2, 2017) ("Although she has consistently claimed that *something* slick on the dressing-room floor caused her to slip and fall, the Plaintiff has failed to prove that there was a foreign substance on the floor."); *Jones v. Abner*, 335 S.W.3d 471, 476 (Ky. Ct. App. 2011) ("Appellant essentially assumes that something slippery caused her fall without providing any evidence to support her assumption. Thus, this claim provides no basis to reverse the trial court's entry of summary judgment."); *Roberts v. Jewish Hosp. Inc.*, No. 2012-CA-1182-MR, 2013 WL 5048294, at *4 (Ky. Ct. App. Sep. 13, 2013) ("Since Roberts established only that there was a safety mat on the floor, but not that it was imperfect, defective or dangerous, she did not show the existence of a dangerous condition.").

Plaintiff can proffer no evidence that Wal Mart breached its duty of care by allowing a foreign substance on its floor. Plaintiff testified that she was not sure if she slipped on a substance of any kind. "I just know I slipped and I went down." (Doc. 37, Kirk Dep. at 42:9). She further stated, "I just felt my foot slide and it went—I slipped, and I went down." (*Id.* at 42:22-23). Plaintiff does not remember any substance on the ground, nor does she remember any substance on her clothing after she fell. There is no objective evidence that there was a spot on the floor

7

beyond Plaintiff testifying "it was slick, or I wouldn't of [sic] went down." (*Id.* at 43:17). Plaintiff also does not present any corroborating evidence that the floor itself was too slick, as Plaintiff did not observe other customers struggling to walk on the floor.

Wal Mart employees also did not observe evidence of any foreign substance on the floor. The employee who first responded to the fall inspected the area and testified, "There was [] nothing on the ground. It was not wet. There was no dirt." (Doc. 35, Sexton Dep. 13:24-25). Another employee filled out an evidence collection sheet and noted there was no physical evidence of the fall available. (Doc. 36-1 at 19). She also took photos of the area, and there is nothing to indicate there was a foreign substance on the floor. (*Id.* at 14–28).

Plaintiff attempts to show that a material dispute of fact exists because of Wal Mart's poor investigation into the fall. Kirk first argues that because the fall occurred outside the purview of the surveillance cameras, then there is a dispute of fact as to whether the Wal Mart employees inspected the area where Kirk actually fell. But the burden of establishing this lies with Plaintiff, and she has not met this burden.[2] Plaintiff next argues

---

[2] The Court finds that the surveillance footage did not contradict the evidence that was previously in the record. The footage, if anything, corroborates the deposition testimony of Kirk, Sexton, and Harper.

8

that because the incident response form says that the incident was caused by the "floor surface," Wal Mart has admitted fault. (Doc. 36-1 at 20). However, the incident response form, when taken as a whole, clearly establishes that Wal Mart employees did not know what caused Kirk's fall. Thus, Wal Mart labeling the cause of the incident as the "floor surface" is not dispositive and does not satisfy Plaintiff's burden of proving there was a foreign substance on the floor.

Plaintiff further argues that because she was severely disoriented immediately after her fall, that the Court should accept her assertions that she slipped on something and shift the burden to Wal Mart. Although "Plaintiff's burden at this stage of a slip-and-fall case is not substantial where Plaintiff has presented sworn testimony to establish its prima facie case," the Plaintiff must present *some* evidence beyond mere speculation. *Vaughn*, 2014 WL 4999194, at *3. "The mere fact of a slip is not sufficient to prove the existence of a dangerous condition." *Edwards v. Capitol Cinemas, Inc.*, No. 2003-CA-246-MR, 2003 WL 23008792, at *1 (Ky. Ct. App. Dec. 24, 2003). The Court will "not presume [Wal Mart] was negligent merely because [Kirk] fell and suffered an injury." *Roberts*, 2013 WL 5048294, at *2.

Plaintiff's only evidence that Wal Mart breached its duty of care is her own speculative testimony that she slipped on

9

something. *See McCord*, 2017 WL 3298679, at *3. A jury would have to make impermissible inferences to find Defendant liable. *See Padgett*, 731 F. App'x at 400. Plaintiff cannot meet her burden of proof that there was a foreign substance on the floor, let alone prove that a foreign substance caused her fall. "Accordingly, Plaintiff's speculative hypothesis that there must have been something on the floor is insufficient to create a genuine issue of material fact, leaving summary judgment for [Wal Mart] the only appropriate course." *McCord*, 2017 WL 3298679, at *4.

Thus, having reviewed this matter, and the Court being advised,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (Doc. 30), be, and is hereby **GRANTED**. A separate judgment shall enter concurrently herewith.

This 31st day of January 2022.



Signed By:
*William O. Bertelsman* WOB
United States District Judge